# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BECKSTRAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELECTRONIC ARTS GROUP LONG TERM DISABILITY INSURANCE PLAN,<br><br>　　　　　Defendant. | CV F 05-0323 AWI LJO<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND JUDGMENT, VACATING JUDGMENT, AND DIRECTING CLERK OF THE COURT TO RE-OPEN CASE<br><br>ORDER REFERRING ACTION TO MAGISTRATE JUDGE<br><br>ORDER VACATING JANUARY 22, 2007 HEARING<br><br>(Document #33) |

## BACKGROUND

On March 7, 2005, Plaintiff filed a complaint for declaratory relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1) & (3), *as amended*, ("ERISA").

On August 5, 2005, Plaintiff filed a motion for partial summary judgment regarding the standard of review.  Plaintiff requested a finding by the court that the court's review of this action would be de novo. On November 2, 2005, the court denied Plaintiff's motion for summary judgment and found that the standard of review for this action would be abuse of discretion.

On December 13, 2005, the court held a bench trial.  The court heard oral arguments from the parties.   Pursuant to the court's order, the parties filed Proposed Findings of Fact

and Conclusions of Law and the administrative record. On October 23, 2006, the court entered Findings of Fact and Conclusions of Law, finding for Defendants. The Clerk of the Court then entered judgment in favor of Defendant.

On November 1, 2006, Plaintiff filed a motion to amend the judgment in light of Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir.2006) (en banc). Plaintiff states that the court should vacate the judgment and allow for discovery under the Ninth Circuit's holding in Abatie.

On November 14, 2006, Defendant filed an opposition. Defendant agrees that the judgment should be vacated and the court should review the claim in accordance with the Ninth Circuit's decision in Abatie. Defendant states that the parties disagree on whether the court should allow discovery.

## ORAL ARGUMENT

Plaintiff's motion has been set for hearing on January 22, 2007. The court has reviewed the papers and has determined that this matter is suitable for decision without oral argument. Local Rule 78-230(h). Therefore, the court will vacate the hearing and issue an order on the pending motion forthwith.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.

Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).

## DISCUSSION

The court finds that Abatie v. Alta Health & Life Insurance Co., 458 F.3d 955 (9th Cir. 2006), changed how the court is to review administrator decisions under the Employee Retirement Security Act, 29 U.S.C. §§ 1001-1461. Under Abatie, abuse of discretion review appears to be merited in most cases when the plan confers sufficient discretion to the plan administrator. Abatie, 458 F.3d at 963-67. Abatie also changed how courts are to apply the abuse of discretion standard, including (1) eliminating the need for plaintiffs to produce evidence of a serious conflict, see id. at 964; (2) allowing courts to "tailor the review" after weighing "all the facts and circumstances" that might indicate a conflict of interest, see id. at 964, 968; and (3) allowing the court to weigh facts and circumstances outside of the administrative record, see id. at 965. Because Abatie creates such a significant shift in analysis for ERISA claims, the court finds that there was an intervening change in controlling law that mandates the court vacating judgment in this action.

While the parties agree the judgment must be vacated, the parties disagree on whether and how much discovery Plaintiffs may now conduct in light of Abatie. The court finds that this issue cannot be decided as part of this motion to amend judgment because it has not been adequately briefed by the parties. As this matter concerns discovery and the court's ability to conduct fact finding beyond the administrative record, the court finds this action should be

3

referred to the Magistrate Judge to hold a scheduling conference and hear discovery motions. See Local Rule 72-302 (c) (1) & (13).

**ORDER**

Accordingly, the court ORDERS that:

1. The previously set hearing date of January 22, 2007, is VACATED, and the parties shall not appear at that time;
2. Plaintiff's motion to vacate judgement is GRANTED;
3. The Findings of Fact and Conclusions of Law and Judgement entered on October 23, 2006 are VACATED;
4. The Clerk of the Court is DIRECTED to re-open this action;
5. The parties are DIRECTED to set a scheduling conference before the Magistrate Judge; and
6. Discovery matters are HEREBY REFERRED to the Magistrate Judge.

IT IS SO ORDERED.

**Dated:**   January 18, 2007           /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE